Albert Wilson Jr.
D.C. Bar No. 486546
VEDA LAW LLC
8720 Georgia Ave, Ste 700
Silver Spring, MD 20910
(240) 839-4153 (o)
(202) 315-3494 (f)
awilson@vedalaw.com
*Counsel for Defendants*

# United States District Court

# for the District of Columbia

| | |
|---|---|
| Ena Ivon Perez Morales, et al., | |
| *Plaintiffs*, | |
| vs. | Case No.: 20-cv-870-TSC |
| Kelly's Michigan Park, LLC d/b/a San Antonio Bar & Grill, et al, | **JURY TRIAL REQUESTED** |
| *Defendants*. | |

**DEFENDANTS' ANSWER TO COMPLAINT**

Defendants (collectively hereinafter the "restaurant") answer the Complaint and state:

> Plaintiffs, Ena Ivon Perez Morales ("Plaintiff Morales") and Francisco Santis Lopez ("Plaintiff Lopez"), hereby bring suit against Kelly's Michigan Park LLC d/b/a San Antonio Bar & Grill ("Michigan Park"), San Antonio Bar & Grill III, LLC ("San Antonio"), Jaime Vargas ("Vargas") and Amparo Magne ("Magne") (collectively the "Defendants"), for violations of the District of Columbia Payment and Collection of Wages Law D.C. Code §§ 32-1301 et seq. ("DCPCWL"), the District of Columbia Minimum Wage Revision Act, D.C. Code § 32-1001 et. seq. ("DCMWRA") and the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq. ("the FLSA"). Plaintiffs allege as follows:

**Answer:** This paragraph requires no response. The restaurant denies violating the aforementioned statutes.

## The Parties

> 1. Plaintiff Morales is an adult resident of the State of Maryland and was employed by Defendants as a food server from in or around May 2016 until August 2016 and as a cook from September 2016 until March 3, 2020, when she resigned. As a cook, Plaintiff Morales's duties included but were not limited to preparing food, cleaning the kitchen, cleaning the dining area, and bussing tables. During the entire time she was employed by Defendants, Plaintiff Morales worked exclusively at the San Antonio Bar & Grill located in Washington D.C. (3908 12th Street NE, Washington D.C., 20017).

**Answer:** Admitted.

> 2. Plaintiff Lopez is an adult resident of the State of Maryland and was employed by Defendants from in or

> around 2004 until March 3, 2020, when he resigned. Plaintiff Lopez started working for Defendants at the San Antonio Bar & Grill located in Virginia, but since 2010 he has worked exclusively at the San Antonio Bar & Grill's Washington D.C. location. Plaintiff Lopez's primary duties included but were not limited to assisting the line cooks to prepare food and showing new cooks how to make the restaurant's dishes. Plaintiff Lopez did not hire and fire employees, make recommendations about hiring and firing, or determine rates of pay for employees. And, at all times relevant to this Complaint, Defendants paid Plaintiff Lopez on an hourly basis.

**Answer:** The restaurant denies that Lopez did not hire and fire employees and denies that Lopez did not make recommendations about hiring and firing. The restaurant admits this paragraph's remaining allegations.

> 3. Michigan Park is a Washington D.C. limited liability company that does business in the District of Columbia. Michigan Park employed the Plaintiffs within the meaning of the FLSA, the DCMWRA and the DCWPCA because it treated them as employees, paid their wages, supervised them, determined their pay, hired them, maintained their employment records, and had the authority to terminate their employment.

**Answer:** The restaurant admits this paragraph's first sentence. The remainder of this paragraph is a legal conclusion related to the "the FLSA, the DCMWRA and the DCWPCA"; therefore, the restaurant is not required to respond.

> 4. San Antonio is a Washington D.C. limited liability company that does business in the District of Columbia. San Antonio employed the Plaintiffs within the meaning of the FLSA, the DCMWRA and the DCWPCA because

> *it treated them as employees, paid their wages, supervised them, determined their pay, hired them, disciplined them, maintained their employment records and had the authority to terminate their employment.*

**Answer:** The restaurant admits this paragraph's first sentence. The remainder of this paragraph is a legal conclusion related to the "the FLSA, the DCMWRA and the DCWPCA"; therefore, the restaurant is not required to respond.

> 5. *Michigan Park and San Antonio are a single "Enterprise" within the meaning of 29 U.S.C. § 203 (r)(1), as they: (1) perform related activities; (2) through unified operations and common control of Defendants Vargas and Magne; and (3) for a common business purpose. Michigan Park and San Antonio constitute an "Enterprise Engaged in Commerce" within the meaning of 29 U.S.C. § 203 (s)(1), as they, either alone or collectively, have: (1) employees engaged in commerce or the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce; and (2) a gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated).*

**Answer:** This paragraph is a legal conclusion related to 29 U.S.C. § 203 (r)(1) and 29 U.S.C. § 203(s)(1); therefore, the restaurant is not required to respond.

> 6. *Vargas is a co-owner, member and officer of Michigan Park and San Antonio. He is an employer of Plaintiffs within the meaning of the FLSA, the DCMWRA and the DCWPCA because: (1) he is a co-owner, member and*

>*officer of Michigan Park and San Antonio; (2) he has operational control over Michigan Park and San Antonio and is significantly involved in their day-to-day operations; (3) he controlled the terms and conditions of Plaintiffs' employment, including their work schedules, compensation and pay practices, and did in fact set the terms and conditions of Plaintiffs' employment and supervised them; (4) he has the ability to hire and fire Plaintiffs and did in fact hire Plaintiff Morales; (5) he controlled the corporate funds used to pay Plaintiffs and had the ability to allocate funds as profits; and (6) he maintained Plaintiffs' employment records. In addition, he was responsible for the unlawful pay practices that form the basis of Plaintiffs' claims in this Complaint.*

**Answer:** The restaurant denies this paragraph's first sentence. The remainder of this paragraph is a legal conclusion related to the "the FLSA, the DCMWRA and the DCWPCA"; therefore, the restaurant is not required to respond.

> 7. *Magne is a co-owner, member and officer of Michigan Park and San Antonio. She is an employer of Plaintiffs within the meaning of the FLSA, the DCMWRA and the DCWPCA because: (1) she is a co-owner, member and officer of Michigan Park and San Antonio; (2) she has operational control over Michigan Park and San Antonio and is significantly involved in their day-to-day operations; (3) she controlled the terms and conditions of Plaintiffs' employment, including their work schedules, compensation and pay practices, and did in fact set the terms and conditions of Plaintiffs' employment and supervised them; (4) she has the ability to hire and fire Plaintiffs; (5) she controlled the corporate funds used to pay Plaintiffs and had the ability to allocate funds as profits; and (6) she maintained Plaintiffs' employment records. Specifically, Magne was a comanager who was responsible for*

> *scheduling, approving employee leave, distributing employee pay, and keeping track of the hours worked by the employees. In addition, Magne was responsible for the unlawful pay practices that form the basis of Plaintiffs' claims in this Complaint.*

**Answer:** The restaurant denies this paragraph's first sentence. The remainder of this paragraph is a legal conclusion related to the "the FLSA, the DCMWRA and the DCWPCA"; therefore, the restaurant is not required to respond.

### Jurisdiction

> 8. *The jurisdiction of this Court is based upon 28 U.S.C. § 1331 and 29 U.S.C. § 217. The Court has subject matter jurisdiction under § 1331 because Plaintiffs claims involve federal questions and the Court has pendant jurisdiction over the Plaintiffs' District of Columbia claims under 28 U.S.C. § 1367.*

**Answer:** This paragraph is a legal conclusion related to "jurisdiction"; therefore, the restaurant is not required to respond.

> 9. *This Court has in personam jurisdiction over Defendants because all of them conduct business in the District of Columbia and all of events giving rise to the claims herein occurred in the District of Columbia.*

**Answer:** This paragraph is a legal conclusion related to "jurisdiction"; therefore, the restaurant is not required to respond.

**Defendants' Answer to Complaint**
20-CV-870
Page 5

## Statement of Facts

10.  At all times relevant to the Complaint, Plaintiff Morales worked for the Defendants between 50 and 75 hours per week and was paid on an hourly basis at a fixed hourly rate which ranged from $12.50 per hour to $16.00 per hour.

**Answer:**   Denies as phrased.

11.  At all times relevant to the Complaint, Plaintiff Lopez worked for the Defendants between 50 and 70 hours per week and was paid on an hourly basis at a fixed hourly rate which ranged from $12.50 per hour to $18.00 per hour.

**Answer:**   Denied as phrased.

12.  Defendants paid Plaintiffs for all hours they worked at their regular rate and never paid them an overtime premium equal to one and one-half times their regular rate for hours worked over 40 in a work week.

**Answer:**   Denied as phrased.

13.  Defendants utilized a computerized time-clock system to track employee hours. For part of the time period which is the subject of this Complaint, Plaintiffs recorded all of their hours using the Defendants time-keeping system. To avoid detection of their illicit pay practices, Defendants used the payroll system to pay Plaintiffs for hours worked under 80 in a bi-weekly pay period and paid Plaintiffs for the remainder of their hours in cash. The cash payments to employees were recorded in a ledger maintained by Magne and Vargas.

**Answer:**   Denied as phrased.

14.  Approximately one to one and one-half years ago, Defendants were sued for overtime violations and Vargas and Magne implemented a new system to further

> conceal their wage theft scheme. Defendants required that Plaintiffs (and other employees) only use the computerized time-clock system to record 40 or fewer hours each week, any hours worked in excess of 40 were recorded by hand in a notebook that was separately maintained by Magne and Vargas. The overtime hours were paid in cash and the payments recorded in the ledger.

**Answer:** Denied as phrased.

> 15. The applicable statute of limitations under the DCWPCA and the DCMWRA (which went into effect on February 26, 2015), provides that an action, "must be commenced within 3 years after the cause of action accrued, or the last occurrence if the violation is continuous. . . ." D.C. Code § 32-1308 (c)(1). On a continuing and ongoing basis from the beginning to the end of Plaintiffs' employment with Defendants, Defendants failed to pay the Plaintiffs an overtime premium for their overtime hours in violation of the DCMWRA and failed to pay them anything at all for some of their hours of work (including straight and overtime hours) in violation of the DCWPCA. Given that Plaintiffs' employment ended on or about March 3, 2020, the last violation occurred on that date and the limitations period for their wage claims will elapse on March 3, 2023. Therefore, Plaintiffs have asserted timely claims for violations of the DCWPCA and the DCMWRA for following period: In the case of Plaintiff Lopez from February 26, 2015 to the end of his employment with Defendants and in the case of Plaintiff Morales from in or around September 2016 to the end of her employment with the Defendants.

**Answer:** This paragraph is a legal conclusion related to "the DCWPCA and the DCMWRA"; therefore, the restaurant is not required to respond.

16. *Plaintiffs have also asserted timely wage claims under the DCMWRA from February 26, 2015 and September 2016 (respectively) to the end of their employment with Defendants for another reason: the statute of limitations for their claims under the DCMWRA was tolled beginning May 27, 2015 and for each day thereafter, when, on a continuing basis, Defendants, failed to comply with the notice provisions of D.C. Code § 32-1008 (c) and (d) (which became effective on February 26, 2015). Section 32-1008 (c) and (d) required Defendants to provide written notice to Plaintiffs of, inter alia, their overtime rate of pay. Michigan Park and San Antonio were required to comply with this written notice provision within 90 days after the statutory amendments took place – no later than May 27, 2015 and within 30 days of any change in that rate. See D.C. Code § 32-1008 (d)(1)(A). At no time during Plaintiffs' employment did Defendants comply with the notice provisions by providing Plaintiffs with written notice of any type (not even in their paystubs), indicating the rate of their overtime pay. Since Defendants failed to provide the required written notice to Plaintiffs, the statute of limitations in § 32-1308 (c) was tolled on May 27, 2015. This also means that Plaintiffs have timely unpaid wage claims for following time frame: For Plaintiff Lopez from February 26, 2015 to the end of his employment and for Plaintiff Morales from September 2016 to the end of her employment. See D.C. Code § 32-1008 (d)(3) ("The period prescribed in § 32-1308 (c), shall not begin until the employee is provided all itemized statements and written notice required by this section").*

**Answer:** This paragraph is a legal conclusion related to "the DCMWRA"; therefore, the restaurant is not required to respond.

### Count I
### Violations of the FLSA

17. *Plaintiffs re-allege and incorporate the allegations contained in the paragraphs above.*

**Defendants' Answer to Complaint**
**20-CV-870**
**Page 8**

     **Answer:**    This paragraph requires no response.

    18.    *At all times relevant to the Complaint, Plaintiffs were engaged in commerce and/or handled goods that have been moved in commerce, and alternatively, Michigan Park and San Antonio, individually and collectively, were an enterprise engaged in commerce.*

     **Answer:**    This paragraph is a legal conclusion related to "engaged in commerce"; therefore, the restaurant is not required to respond.

    19.    *Defendants violated the FLSA by knowingly failing to pay Plaintiffs an overtime premium for their overtime hours – i.e. one and one-half times their regular hourly rate for each hour over 40 that they worked during each workweek in the three-year period preceding the filing date of the Complaint.*

     **Answer:**    This paragraph is a legal conclusion related to "the FLSA"; therefore, the restaurant is not required to respond.

    20.    *Defendants' actions were willful as defined by the FLSA and were not undertaken in good faith and therefore, they are liable to both Plaintiffs for liquidated damages and the statute of limitations is extended to three years.*

     **Answer:**    This paragraph is a legal conclusion related to "the FLSA"; therefore, the restaurant is not required to respond.

    21.    *Defendants are liable to Plaintiffs under 29 U.S.C. § 216(b) of the FLSA, for their unpaid overtime premium compensation, plus an additional equal amount as liquidated damages, court costs, reasonable attorneys' fees and expenses.*

     **Answer:**    This paragraph is a legal conclusion related to "the FLSA";

therefore, the restaurant is not required to respond. The restaurant further denies that Plaintiffs are entitled to any relief.

### Count II
### Violations of the DCMWRA

22. *Plaintiffs re-allege and incorporate the allegations contained in the paragraphs above.*

**Answer:** This paragraph requires no response.

23. *At all times relevant to the Complaint, Plaintiffs were "employees" of all Defendants within the meaning of D.C. Code § 32-1002 (2).*

**Answer:** This paragraph is a legal conclusion related to "the DCMWRA"; therefore, the restaurant is not required to respond.

24. *At all times relevant to the Complaint, Defendants were "employers" of Plaintiffs within the meaning of D.C. Code § 32-1002 (3).*

**Answer:** This paragraph is a legal conclusion related to "the DCMWRA"; therefore, the restaurant is not required to respond.

25. *Defendants violated the DCMWRA by failing to pay Plaintiffs an overtime premium for the overtime hours they worked from February 26, 2015 and September 2016, respectively, to the end of their employment.*

**Answer:** This paragraph is a legal conclusion related to "the DCMWRA"; therefore, the restaurant is not required to respond.

26. *As a result of the violations of the DCMWRA by Defendants, they are liable for Plaintiffs' unpaid wages*

> *from February 26, 2015 and September 2016, respectively, to the end of their employment, liquidated damages equal to three times the unpaid overtime wages and reasonable attorneys' fees and costs incurred in this action, including attorneys' fees at the Adjusted Laffey Matrix rate, the Legal Services Index Rate and/or the rates set forth in Salazar ex rel. v. District of Columbia, 809 F.3d 58 (D.C. Cir. 2015), as required by D.C. Code § 32-1308 (b)(1).*

**Answer:** This paragraph is a legal conclusion related to "the DCMWRA"; therefore, the restaurant is not required to respond. The restaurant further denies that Plaintiffs are entitled to any relief.

## Count III
## Violations of the DCWPCA

> 27. *Plaintiffs re-allege and incorporate the allegations contained in the paragraphs above.*

**Answer:** This paragraph requires no response.

> 28. *At all times relevant to the Complaint, Plaintiffs were "employees" of Defendants within the meaning of D.C. Code § 32-1301 (2).*

**Answer:** This paragraph is a legal conclusion related to "the DCWPCA"; therefore, the restaurant is not required to respond.

> 29. *At all times relevant to the Complaint, Defendants were "employers" of Plaintiffs within the meaning of D.C. Code § 32-1301 (1B).*

**Answer:** This paragraph is a legal conclusion related to "the DCWPCA"; therefore, the restaurant is not required to respond

**Defendants' Answer to Complaint**
20-CV-870
Page 11

> 30. *Defendants violated the DCWPCA by failing to pay Plaintiffs anything at all for some of their hours of work (including straight-time hours and overtime hours).*

**Answer:** This paragraph is a legal conclusion related to "the DCWPCA"; therefore, the restaurant is not required to respond.

> 31. *As a result of the violations of the DCWPCA, Defendants are liable for Plaintiffs' unpaid wages, liquidated damages equal to three times the unpaid overtime and straight-time wages and reasonable attorneys' fees and costs incurred in this action, including attorneys' fees at the Adjusted Laffey Matrix rate, the Legal Services Index Rate and/or the rates set forth in Salazar ex rel. v. District of Columbia, 809 F.3d 58 (D.C. Cir. 2015), as required by D.C. Code § 32-1308 (b)(1).*

**Answer:** This paragraph is a legal conclusion related to "the DCWPCA"; therefore, the restaurant is not required to respond. The restaurant further denies that Plaintiffs are entitled to any relief. that

### [Plaintiffs'] Request for Relief

*Plaintiffs request the following relief:*

A. enter a judgment against Defendants, jointly and severally, and in favor of Plaintiffs, based on their violations of the FLSA, in the amount of each Plaintiff's unpaid and illegally withheld overtime wages, plus an amount equal to their unpaid overtime wages as liquidated damages;

B. enter a judgment against Defendants, jointly and severally, and in favor of Plaintiffs, based on their violations of the DCMWRA and the DCWPCA, in the amount of each Plaintiff's unpaid and illegally withheld overtime and straight-time wages, plus an amount equal

          *to three times the amount of unpaid overtime wages as liquidated damages;*

C.   *as to all Defendants, jointly and severally, award Plaintiffs their costs incurred in this action and attorneys' fees at the Adjusted Laffey Matrix rate, the Legal Services Index Rate and/or the rates set forth in Salazar ex rel. v. District of Columbia, 809 F.3d 58 (D.C. Cir. 2015), as required by D.C. Code § 32-1308 (b)(1).*

**Answer:**   The restaurant deny that Plaintiffs are entitled to any relief.

### Defendants' Request for Relief

For the above reasons, the restaurant asks this Court to dismiss the Complaint with prejudice, awarding it its reasonable attorney's fees and costs.

### Affirmative Defenses

1. The Complaint fails to state a claim upon which relief can be granted.

Defendants reserve the right to raise additional affirmative defenses that may become apparent as this litigation proceeds.

### Jury Demand

Defendants demand trial by jury.

Date: **May 21, 2020**

                                         /s/
                                         Albert Wilson Jr.

# Certificate of Service

On **May 21, 2020**, a copy of the foregoing was served on the parties and counsel below.

**Via CM/ECF**

Suvita Melehy, Esq.
Melehy & Associates
8403 Colesville Rd., Suite 600
Silver Spring, MD 20910
*Counsel for Plaintiff*

/s/ _____
Albert Wilson Jr.